UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E. FRANK CORNELIUS,

      Plaintiff,

                                     Case No. 11-13186

v.

                                     Honorable Patrick J. Duggan

DYKEMA GOSSETT PLLC
RETIREMENT PLAN and its
ADMINISTRATOR, jointly and severally,

      Defendants.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 6, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

     E. Frank Cornelius ("Plaintiff") filed this *pro se* action pursuant to Section 502 of the

Employee Retiree Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, seeking to

require the Dykema Gossett PLLC Retirement Plan ("the Plan") and its administrator,

Dykema Gossett PLLC ("Dykema") to use a different method of calculating his retirement

income benefit.  On November 14, 2011, Plaintiff filed a motion to disqualify Defendants'

counsel, Miller, Canfield, Paddock and Stone PLC ("Miller Canfield") based on a conflict

of interest, and this motion is now before the Court.  The matter has been fully briefed, and

on January 3, 2012, the Court indicated to the parties that it was dispensing with oral

argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  For the reasons stated below, the Court denies Plaintiff's motion.

## I. Standard of Review

"[A] party's right to have counsel of choice is a fundamental tenet of American jurisprudence, and therefore a court may not lightly deprive a party of its chosen counsel." *Capacchione v. Charlotte-Mecklenburg Bd. of Educ.*, 9 F. Supp. 2d 572, 579 (W.D.N.C. 1998).  "Courts must be vigilant in reviewing motions to disqualify counsel as the ability to deny one's opponent the services of capable counsel is a potent weapon that can be misused as a technique of harassment."  *Moses v. Sterling Commerce (Am.), Inc.*, 122 Fed. App'x 177, 183 (6th Cir. 2005) (internal citations and quotation marks omitted).  "A court should only disqualify an attorney 'when there is a reasonable possibility that some specifically identifiable impropriety' actually occurred."  *Id.* at 183-84 (quoting *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991)).

## II. Discussion

Plaintiff asserts that Defendants' counsel must be disqualified based on a conflict of interest.  Michigan Rule of Professional Conduct 1.7, which governs attorneys' conduct with respect to conflicts of interest, provides:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
>> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>> (2) each client consents after consultation.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a

third person, or by the lawyer's own interests, unless:

> (1) the lawyer reasonably believes the representation will not be adversely affected; and
> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

The comments to the Rule provide that "[s]imultaneous representation of parties whose interests in litigation may conflict, such as coplaintiffs or codefendants, is governed by paragraph (b)." Michigan Rule of Professional Conduct 1.7 cmt. Because Dykema and the Plan are codefendants in this suit, the Court applies Rule 1.7(b) to the alleged conflict of interest.

Plaintiff asserts that Dykema has an interest in understating its required contributions to the Plan, while the plan has a conflicting interest in ensuring adequate funding of retiree benefits. As the Supreme Court has noted, ERISA permits an employer to act as both a plan sponsor and plan administrator. *Varity Corp. v. Howe*, 516 U.S. 489, 526, 116 S. Ct. 1065, 1084 (1996). There is some inherent tension in allowing an employer to serve in both of these roles:

> Under ERISA, . . . a fiduciary may have financial interests adverse to beneficiaries. Employers, for example, can be ERISA fiduciaries and still take actions to the disadvantage of employee beneficiaries, when they act as employers (e.g., firing a beneficiary for reasons unrelated to the ERISA plan), or even as plan sponsors (e.g., modifying the terms of a plan as allowed by ERISA to provide less generous benefits). Nor is there any apparent reason in the ERISA provisions to conclude . . . that this tension is permissible only for the employer or plan sponsor, to the exclusion of persons who provide services to an ERISA plan.

*Pegram v. Herdrich*, 530 U.S. 211, 225, 120 S. Ct. 2143, 2152 (2000). "Had Congress

anticipated that there existed an irreconcilable conflict of interest between the employer and the ERISA plan, surely it would not have allowed the employer both to control and fund the pension plan." *Edgin v. Cobb*, No. 07-cv-15343, 2008 U.S. Dist. LEXIS 55879, at \*13 (E.D. Mich. July 23, 2008). "[T]his would make it reasonable for an attorney to assume . . . that he could fairly represent both the plan and the company in litigation, especially when both are named defendants to [the] plan participant's claim." *Id.* at \*15-16. Here, Defendants have maintained the same position with respect to Plaintiff's claims, concluding that his benefit was calculated correctly. Under these circumstances, there is no reason to believe that a conflict of interest would limit Miller Canfield's joint representation of Defendants. Defendants have consented to joint representation, and the Court finds no reason to disqualify their counsel.

Plaintiff contends that the Plan cannot adopt a position at odds with the interests of its participants. "ERISA does not require, however, that a fiduciary resolve every issue of interpretation in favor of the plan beneficiaries." *O'Neil v. Ret. Plan for Salaried Emps. of RKO Gen.*, 37 F.3d 55, 61 (2d Cir. 1994). "A fiduciary must also act 'in accordance with the documents and instruments governing the plan,' insofar as those documents are consistent with the provisions of ERISA." *Best v. Cyrus*, 310 F.3d 932, 935 (6th Cir. 2002) (quoting 29 U.S.C. § 1104(a)(1)(D)). Thus, the Plan may oppose a participant's claim where, as here, it has concluded that the plan's terms do not entitle the participant to the benefits sought.

Plaintiff argues that the cases relied upon by Defendants are distinguishable because they did not involve "positive proof of wrongdoing," as this case does. Reply Br. 2-3. He

details a number of alleged ERISA violations and describes what he believes is the plainly

flawed method used by the Plan to calculate retirement benefits.  The Court notes that the

merits of Plaintiff's claims have yet to be determined; thus, the alleged wrongdoing cannot

justify disqualification of Defendants' counsel.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to disqualify defense counsel is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

E. Frank Cornelius
22955 Englehardt Street
Saint Clair Shores, MI 48080

Brian M. Schwartz, Esq.
Michael A. Alaimo, Esq.