UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E. FRANK CORNELIUS,

        Plaintiff,

v.

        Case No. 11-13186
        Honorable Patrick J. Duggan

DYKEMA GOSSETT PLLC
RETIREMENT PLAN and
DYKEMA GOSSETT PLLC,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' OBJECTIONS AND REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE HLUCHANIUK'S AUGUST 3, 2012 ORDER AND AFFIRMING MAGISTRATE JUDGE HLUCHANIUK'S ORDER**

On July 22, 2011, Plaintiff filed this *pro se* action pursuant to the Employee Retiree Income Security Act of 1974 ("ERISA"), seeking to require the Dykema Gossett PLLC Retirement Plan ("the Plan") and its administrator, Dykema Gossett PLLC ("Dykema") (collectively "Defendants"), to use a different method for calculating Plaintiff's retirement income benefits. Plaintiff filed a First Amended Complaint on August 3, 2011. On January 31, 2012, Plaintiff filed a motion to file a second amended complaint, which this Court referred to Magistrate Judge Michael Hluchaniuk. On August 3, 2012, Magistrate Judge Hluchaniuk issued an order granting in part and denying in part Plaintiff's motion. Presently before this Court are Defendants' August 10, 2012 objections to the order, in which Defendants ask the Court to strike one factual

finding made by the magistrate judge in his order, and Plaintiff's objections, filed August 21, 2012. For the reasons that follow, the Court grants Defendants' objections and rejects Plaintiff's objections. The Court affirms Magistrate Judge Hluchaniuk's August 3, 2012 order to grant in part and deny in part Plaintiff's motion to file a second amended complaint.

## Magistrate Judge Hluchaniuk's August 3, 2012 Order

In his motion to file a second amended complaint, Plaintiff sought leave to file five additional counts (Counts I-V) and to continue asserting claims contained in his First Amended Complaint but not set forth in enumerated counts. In Count I of his proposed amended complaint, Plaintiff alleged that Defendants failed to "unequivocally designate" a plan administrator as required under § 102 of ERISA, 29 U.S.C. § 1022. In Count II of his proposed amended complaint, Plaintiff alleged that Defendants violated ERISA by "fail[ing] to disclose in any SPD [Summary Plan Description] the fact that it uses a 45-hour week equivalency to convert an attorney's part-year [c]ompensation to a full-time, full-year equivalent." Finally, in Counts III-V, Plaintiff alleged that Defendants failed to provide him with certain plan documents as requested in violation of ERISA.

Magistrate Judge Hluchaniuk concluded that these claims are futile and Plaintiff therefore should not be granted leave to amend his complaint to include them. In reaching this conclusion, Magistrate Judge Hluchaniuk states that Defendants agree that the relevant SPDs fail to include a description of the manner of prorating work that is less than a full year. (ECF No. 33 at 7.) Because Plaintiff's remaining "proposed" claims

2

already were set forth in his First Amended Complaint and had not been dismissed for any reason, Magistrate Judge Hluchaniuk permits them to go forward as set forth in Counts VI-VIII of his proposed second amended complaint.

## Standard of Review

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## Defendants' Objection

Defendants raise a single objection to Magistrate Judge Hluchaniuk's August 3, 2012 order. Specifically, Defendants assert that the magistrate judge clearly erred in finding that they agree that the SPDs do not contain the method used to annualize an

attorney's part-time compensation. Defendants argue that there is no basis for this finding, as they have not stated their position as to whether the SPDs contain or do not contain this information. As Defendants should not be found to have made a concession that they never made, the Court grants their objections and strikes this finding from the magistrate judge's order.

## **Plaintiff's Objections**

Plaintiff objects to the magistrate judge's conclusion that Counts I-V of his proposed second amended complaint are futile. The Court finds no reason to address Plaintiff's objections regarding Count I, as there clearly is no error in Magistrate Judge Hluchaniuk's decision. Dykema has been identified without doubt as the administrator of the Plan. As Dykema only can operate through its partners and employees, it has identified that person as Kimberly A. Amodeo. The Court will address Plaintiff's objections to his other proposed counts in more detail.

Magistrate Judge Hluchaniuk found that 29 C.F.R. § 2520.102-3(n) requires an SPD to include the details of prorating work for a part-time employee and that the relevant SPDs did not do so. (ECF No. 33 at 7.) Magistrate Judge Hluchaniuk concluded that Plaintiff's proposed Count II is futile, however, because Plaintiff lacks standing to seek the relief requested for this alleged violation: "to order Dykema to disclose to present and former attorney participants and their beneficiaries the fact that Dykema has used a flawed procedure to convert an attorney's part-year [c]ompensation to a full-time, full-year equivalent." (*Id*. at 7-8; ECF No. 36 ¶ 39.) Plaintiff contends in his objections

that he is seeking disclosure for himself, and thus has standing. Plaintiff also objects to the magistrate judge's conclusion that only 29 C.F.R. § 2520.102-3(n) requires disclosure of the information he argues should have been in the SPDs. Plaintiff argues that "[a]lthough this may be true in a direct sense, [he] submits that the regulations do relate to the issue indirectly . . .." (Pl.'s Obj. at 18.)

While Plaintiff may have standing to seek the relief for himself, this Court does not agree that the claim he asserts is viable. Plaintiff argues that § 102(a) of ERISA, 29 U.S.C. § 1022(a), required Dykema to include in the SPD the methodology for converting part-time compensation to a full-time equivalent for the purpose of calculating benefits, because the statute mandates that the SPD "shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." *Id.* However, "the law is clear that the plan summary is not required to anticipate every possible idiosyncratic contingency that might affect a particular participant's or beneficiary's status." *Lorenzen v. Employees Retirement Plan of the Sperry and Hutchinson Co.*, 896 F.2d 228, 236 (7th Cir. 1990) (citations omitted). The statute and regulations set forth the specific information that must be included in an SPD. *See* 29 U.S.C. § 1022(b); 29 C.F.R. § 2520.102-3. This Court disagrees with Magistrate Judge Hluchaniuk that the methodology at issue is included therein.

Magistrate Judge Hluchaniuk relied on 29 C.F.R. § 2520.102-3(n). This subsection provides:

(n) In the case of an employee pension benefit plan, a description and

5

> explanation of the plan provisions for determining years of service for eligibility to participate, vesting, and breaks in service, and years of participation for benefit accrual. The description shall state the service required to accrue full benefits and the manner in which accrual of benefits is prorated for employees failing to complete full service for a year.

29 C.F.R. § 2520.102-3(n). This provision relates to eligibility, not the calculation of actual benefits. There is no concern regarding Plaintiff's eligibility for benefits. For this reason, the Court concludes that Magistrate Judge Hluchaniuk did not err in concluding that Plaintiff's proposed Count II is futile.

Plaintiff's remaining objections relate to Magistrate Judge Hluchaniuk's finding that his proposed Counts III-V are futile. Plaintiff contends that Magistrate Judge Hluchaniuk erred in finding that he has all of the documents he seeks. Plaintiff maintains that Defendants have not: (1) provided him the " '1973 Plan, 3rd Amendment'– effective March 31, 1974; signed October 31, 1974" (*see* Pl.'s Obj. at 11); and (2) complied with ERISA's requirement "that a new SPD be furnished every 5 years, incorporating all plan amendments made during the 5-year period, and a new one every 10 years if no amendments have been made," as well as summaries of material modifications ("SMMs"). (*See* Doc. 36 ¶ 41.) Plaintiff complains that Magistrate Judge Hluchaniuk did not address this allegation in finding the proposed claims futile.

Upon a participant's or beneficiary's request, ERISA only requires the production of "a copy of the *latest* updated summary[] plan description, and the *latest* annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4)

(comma and footnote omitted) (emphasis added). "[O]utdated plan descriptions do not fall into any of the categories of documents a plan administrator must provide to plan participants under section 1024(b)(4)." *Shields v. Local 705, IBT Pension Plan*, 188 F.3d 895, 903 (7th Cir. 1999). Plaintiff began receiving early retirement benefits from the Plan on or about March 1, 2007, and is receiving benefits under the current plan, which is the 2007 Plan. Plaintiff therefore fails to state a claim based on Dykema's alleged failure to provide the 3rd Amendment to the 1973 Plan.

Dykema's alleged failure to previously produce SPDs and SMMs "may have been *at one time* an ERISA violation that *could have* given rise to § 502(c) liability if a participant had requested them promptly (i.e. when they were the "latest" version of the plan)." *Jackson v. E.J. Branch Corp.*, 937 F. Supp. 735, 739 (N.D. Ill. 1996) (emphasis in original). Plaintiff, however, was not a participant when Dykema allegedly failed to distribute the purported SPDs and SMMs in accordance with ERISA. Moreover, as set forth above, ERISA does not require Dykema to provide Plaintiff with these documents now. Thus Plaintiff also fails to state a claim under ERISA based on Dykema's alleged failure to provide certain SPDs and SMMs.

## **Conclusion**

Magistrate Judge Hluchaniuk did not clearly err in finding Plaintiff's proposed I-V counts futile. Plaintiff's objections therefore are rejected. Defendants, however, have not agreed that the SPDs fail to contain the method used to annualize an attorney's part-time compensation. As such, Defendants' objection is granted and that finding in the

magistrate judge's order will be stricken. In short, the Court affirms Magistrate Judge Hluchaniuk's decision denying Plaintiff's motion to file a second amended complaint.

**SO ORDERED**.

Dated: December 12, 2012
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
E. Frank Cornelius, Esq.
Michael A. Alaimo, Esq.