UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E. FRANK CORNELIUS,

    Plaintiff,

v.

DYKEMA GOSSETT PLLC
RETIREMENT PLAN and
DYKEMA GOSSETT PLLC,

    Defendants.
_____/

Civil Case No. 11-13186
Patrick J. Duggan

## OPINION AND ORDER DENYING PLAINTIFF'S (1) MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF DECEMBER 12, 2012 AND (2) MOTION TO STRIKE DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff filed this *pro se* action against Defendants alleging violations of the Employee Retirement Income Security Act of 1974. Plaintiff filed a First Amended Complaint on August 3, 2011. On January 31, 2012, he filed a motion to file a second amended complaint which this Court referred to Magistrate Judge Michael Hluchaniuk. On August 3, 2012, Magistrate Judge Hluchaniuk issued an order granting in part and denying in part Plaintiff's motion. Plaintiff and Defendants thereafter filed objections to the order. In an opinion and order dated December 12, 2012, this Court denied Plaintiff's objections and granted Defendants' objections. On December 26, 2012, Plaintiff filed a motion for reconsideration with respect to the Court's December 12 decision. This Court issued a notice on January 3, 2013, informing the parties that it would permit Defendants

to submit a response to Plaintiff's motion within fourteen days of the notice, if they wanted to respond. Defendants filed a response brief on January 17, 2013. Plaintiff then filed a motion to strike Defendants' response on January 24, 2013. This latter motion has been fully briefed.

## Applicable Standards

Eastern District of Michigan Local Rule 7.1(h) provides that a motion for reconsideration shall not be granted unless the movant demonstrates a palpable defect in the Court's decision and that correcting the defect will result in a different disposition of the case. A motion that merely presents the same issues already ruled upon by the court, "either expressly or by reasonable implication," shall not be granted. E.D. Mich. LR 7.1(h). Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## Plaintiff's Motion to Strike

Plaintiff moves to strike Defendants' response to his motion for reconsideration on the grounds that they allegedly introduce new material which he has not had the opportunity to address and make misrepresentations and false statements. Neither ground justifies the striking of Defendants' response. Moreover, Plaintiff uses his motion to strike and reply brief in support of the motion as an opportunity to respond to the arguments in Defendants' response brief and to attempt to correct their alleged misrepresentations and false statements. The Court therefore is denying Plaintiff's

motion to strike.

## Plaintiff's Motion for Reconsideration

Plaintiff argues that this Court committed a palpable defect when it concluded that he is receiving early retirement benefits pursuant to the 2007 Dykema Gossett PLLC Retirement Plan. For the reasons set forth in Defendants' response brief, the Court does not conclude that it erred in making this factual determination. Plaintiff's remaining arguments in his motion for reconsideration are arguments repeated from his objections to Magistrate Judge Hluchaniuk's decision granting in part and denying in part his motion to file a second amended complaint. For the reasons already discussed by this Court, it rejects those arguments.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion to strike Defendants' brief in opposition to Plaintiff's motion for reconsideration is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for reconsideration is **DENIED**.

Dated: March 1, 2013          s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
E. Frank Cornelius, Esq.
Michael A. Alaimo, Esq.