UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E. FRANK CORNELIUS,

    Plaintiff,

v.                                                  Civil Case No. 11-13186
                                                  Patrick J. Duggan

DYKEMA GOSSETT PLLC
RETIREMENT PLAN and
DYKEMA GOSSETT PLLC,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EMERGENCY MOTION

Plaintiff filed this *pro se* action against Defendants alleging violations of the Employee Retirement Income Security Act of 1974. Plaintiff filed a First Amended Complaint on August 3, 2011, and a Second Amended Complaint on March 19, 2013. On March 19, 2013, Plaintiff also filed a motion titled "Motion to Deny Deference to Plan Administrator's Determination of Plaintiff's Benefit." (ECF No. 55.) In his motion, Plaintiff asks the Court to: (1) grant no deference to the ERISA plan administrator's decision at issue in this lawsuit; (2) review the decision *de novo*; (3) compel Defendants to turn over certain materials, including plan documents and summary plan descriptions that are part of the Administrative record; (4) rule that Defendants' assertion of privilege as to certain withheld documents lacks merit; and (5) find that Dykema Gossett PLLC breached its fiduciary duties. In response, Defendants filed an emergency motion on March 27, 2013, asking the Court to strike Plaintiff's motion and set a scheduling

conference to determine the issues to be resolved in this lawsuit and a reasonable schedule for handling them. Plaintiff's filed a response to the motion on April 1, 2013.

In ERISA cases such as this one, the Court typically handles dispositive matters by scheduling a date for the parties to file cross-motions for summary judgment. Issues such as whether the plan administrator's decision is entitled to deference or should be subject to *de novo* review and whether the plan administrator breached its fiduciary duties are matters that should be presented in such a dispositive motion. Hearing and deciding such matters piecemeal is not an efficient approach to deciding these types of cases. Moreover, the local rules prohibit parties from filing more than one motion for summary judgment. *See* E.D. Mich. LR 7.1(b)(2). The rules also suggest that requests for dispositive and non-dispositive relief are to be made by separate motion. *See id*.

For these reasons, the Court **GRANTS** Defendants' emergency motion (ECF No. 56) and **STRIKES** Plaintiff's "Motion to Deny Deference to Plan Administrator's Determination of Plaintiff's Benefit." (ECF No. 55.) To the extent Plaintiff is arguing in his motion that he is entitled to discovery that he has not received, he should file a separate motion pursuant to the applicable discovery rules *provided* the discovery requested has not already been the subject of a motion ruled upon by this Court (including Magistrate Judge Hluchaniuk). Plaintiff may reassert any argument he now raises to challenge the plan administrator's decision, including the issue of which standard of review applies, in a single motion for summary judgment. The **deadline** for the parties to file their respective **cross-motions for summary judgment** shall be August 1, 2013.

**SO ORDERED**.

Dated: April 1, 2013                        <u>s/PATRICK J. DUGGAN</u>
                                                    UNITED STATES DISTRICT JUDGE

Copies to:
E. Frank Cornelius, Esq.
Michael A. Alaimo, Esq.